**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANTONNE T. COX AND <br> PEARLETHA BARLOW-COX, <br><br> Plaintiff, <br><br> v. <br><br> FREEDOM MORTGAGE CORPORATION, <br> FNF SERVICING INC. <br><br> Defendants. | ) <br> ) <br> ) JUDGE: SAMUEL DER- <br> ) YEGHIAYAN <br> ) <br> ) Civil Action No.: 13-CV-3960 <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
FREEDOM MORTGAGE CORPORATION's MOTION TO DISMISS ALL COUNTS
OF PLAINTIFFS' COMPLAINT AT LAW**

NOW COMES Defendant Freedom Mortgage Corporation ("Freedom"), by and through its counsel, Dressler | Peters, LLC, and for its Motion to Motion to Dismiss All Counts of Plaintiff's Complaint at Law pursuant to Federal Rules of Civil Procedure ("FRCP") 9 and 12(b)(6), Freedom submits this Memorandum of Law in support of its Motion and respectfully states as follows:

**I. BACKGROUND - THE CAPTIONED DEFENDANTS**

1. Freedom is a New Jersey corporation with its principal place of business in New Jersey. Freedom is registered as a "Foreign BCA" with the Illinois Secretary of State as is assigned the "file number" 58765295 by the Illinois Secretary of State. This is a matter of public record. *See,* http://www.ilsos.gov/corporatellc.

2. FNF SERVICING INC. ("FNF") is a New Jersey corporation with its principal place of business in New Jersey. FNF is registered as a "Foreign BCA" with the Illinois Secretary of State as is assigned the "file number" 57876727 by the Illinois Secretary of State. This is a matter of public record. *See,* http://www.ilsos.gov/corporatellc.

1

## II. BACKGROUND - THE COMPLAINT AT LAW

3. "Plaintiff's Complaint at Law" is an amended complaint which alleges five separate counts, numbered I through V. Each of these five counts is further labeled "(FRAUD)" in parentheses. *See,* D.E. 13 (the "<u>Amended Complaint</u>").

4. The Amended Complaint is not signed by either of the Plaintiffs.

5. The Amended Complaint has a single prayer for "RELIEF AND DAMAGES" which, in its second paragraph, demands a money judgment against "FREEDOM MORTGAGE COMPANY and its AGENTS VICTORY MORTGAGE BANKERS/BROKERS any all other AGENTS in the amount of $150,000.00" as well as an injunction against "FREEDOM MORTGAGE COMPANY and its AGENTS VICTORY MORTGAGE BANKERS/BROKERS" from executing and collecting mortgage payments until the completion of this suite.

6. AGENTS VICTORY MORTGAGE BANKERS/BROKERS is not identified as a defendant in the caption to the Amended Complaint.

7. The Amended Complaint seeks no relief against FNF whatsoever.

8. The Amended Complaint is without exhibits or attachments, despite referring to numerous documents and records throughout.

### A. <u>Standard of Review for a FRCP 12(b)(6) Motion to Dismiss</u>

9. A motion to dismiss under FRCP 12(b)(6) tests the sufficiency of a complaint rather than the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). All well-pled allegations of the complaint are assumed true and read in a light most favorable to the plaintiff. *Levy v. Pappas*, 510 F.3d 755, 764 (7th Cir. 2007). If the complaint contains allegations from which a trier of fact may reasonably infer that proof will be available at trial, dismissal is improper. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

10. The decision by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly* provides the definitive standard for alleging causes of action pursuant to FRCP 8(a) and the standards by which a complaint is measured under that rule upon motion brought by a defendant pursuant to FRCP 12(b)(6). 550 U.S. 544 (2007). As set forth in *Twombly*, a complaint must contain sufficient facts which, if true, "state a claim to relief that is plausible on its face." 550 U.S. at 570. A plaintiff has to provide the "grounds of his 'entitlement to relief' rather than labels, conclusions or a formulaic recitation of the elements of a cause of action." *Id.* at 555. Moreover, a pleader must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009).

11. When allegations of fraud are made or are necessary to sustain a claim, FRCP 9(b) supersedes and heightens the pleading requirements of FRCP 8(a). FRCP 9(b) provides:

> **(b) Fraud or Mistake; Conditions of Mind**. In alleging fraud or mistake, a party must state with particularity of the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Application of FRCP 9(b) is well-defined by the United States Court of Appeals for the Seventh Circuit. In *Graue Mill Development Corp. v. Trust Company of Chicago*, the Seventh Circuit Court of Appeals held:

> We read 9(b) to mean that [plaintiffs] . . . must "state the time, place and content of the alleged communications perpetrating the fraud." Most importantly, complaints charging fraud must sufficiently allege the defendant's fraudulent intent. "Cryptic statements" suggesting fraud are not enough; "mere allegations of fraud . . . , averments to conditions of mind, or references to plans and schemes are too conclusional to satisfy the particularity requirements." Rather, pleadings must state the "specific content of the false representations as well as the identities of the parties to the misrepresentations."

927 F.2d 988, 992-93 (7th Cir. 1991),

In short, allegations of fraud must be pled with particularity, which means those allegations must set forth the who, what, when, where and how of the alleged fraud. *Uni-Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

### III. ARGUMENT

**A. The Amended Complaint is Insufficient under FRCP 8(a) as to the Injunctive Relief Sought by the Plaintiffs**

12. The Amended Complaint requests a "temporary injunction." See, p. 6, D.E. 13. However, none of the five counts of the Amended Complaint establish any predicates for such relief.

13. The Amended Complaint does not establish or even begin to allege the necessary elements of a claim for injunctive relief of any type. To the extent the Amended Complaint seeks a temporary restraining order or a preliminary injunction, the rules and requirements governing temporary restraining orders and preliminary injunctions are set out in FRCP 65.

14. Injunctive relief is authorized by general principles of equity, federal rules or state law. *eBay Inc. v. Merc-Exchange, L.L.C.,* 547 U.S. 388, 391 (2006). A plaintiff must demonstrate equitable factors in order to receive injunctive relief: (1) irreparable injury; (2) no adequate remedy at law; (3) a likelihood of success on the merits; (4) the balance of hardships; and (5) the effect on public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (preliminary injunctions); *eBay Inc. v. Merc-Exchange, L.L.C* at 391 (2006) (permanent injunctions); *Northeast Coalition for the Homeless v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006) (temporary restraining orders); See Also, *Mohanty v. St. John Heart Clinic, S.C.,* 225 Ill. 2d 52, 62, 866 N.E.2d 85, 2006 Ill. LEXIS 1689, 310 Ill. Dec. 274, 25 I.E.R. Cas. (BNA) 859

4

(Ill. 2006) (to obtain injunctive relief in Illinois, a party must establish (a) a clearly ascertainable right that needs protection; (b) the fact that the party would suffer irreparable injury without the protection of an injunction; (c) the absence of an adequate remedy at law; and (d) a likelihood of success on the merits.

15. The Amended Complaint does not identify which type of relief it seeks and fails to allege the requirements necessary for this court to grant a temporary restraining order or a preliminary or permanent injunction. In sum, no relief can be granted by this Court based on the allegations of the Amended Complaint.

B. **The Amended Complaint is Insufficient under FRCP 8(a) as to the Monetary Relief Sought by the Plaintiffs**

16. The Amended Complaint fails to state a claim for monetary relief that is plausible on its face. None of the five fraud counts of the Amended Complaint satisfy even the basic requirements of pleading under FRCP 8.

17. The Amended Complaint is patently confusing concerning the roles of each named defendant in the alleged fraud. Freedom and FNF are two separate legal entities, yet FNF is missing from most if not all of the factual allegations of the Amended Complaint making it difficult to determine which Defendant is the intended target the Amended Complaint.

18. More importantly, the Amended Complaint is substantively deficient as to its claims of fraud. The elements necessary to state a cause of action for common law fraud include: "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." *Siegel v. Levy Organization Development*

*Co.,* 153 Ill. 2d 534, 542-43, 180 Ill. Dec. 300, 607 N.E.2d 194 (1992). *Cramer v. Insurance Exch. Agency,* 174 Ill. 2d 513, 529, 675 N.E.2d 897, 1996 Ill. LEXIS 119, 221 Ill. Dec. 473 (Ill. 1996). None of the five Counts of the Amended Complaint allege the requisite elements of a fraud claim.

19. The body of the Amended Complaint introduces other parties such as "AGENTS VICTORY MORTGAGE BANKERS/BROKERS," "any all other AGENTS" and "FREEDOM MORTGAGE COMPANY" making difficult to determine the who and what of the fraud claims and even which Defendant or other named party is the intended target of its five counts.

20. Count V, ¶ 4 of the Amended Complaint alleges in a single paragraph violations of the "Consumer Credit Practices Act," the "Municipal Code," "Predatory Lending" and the "Real Estate Settlement Procedures Act." The recitation of these "statutory laws" in a single, (almost) final paragraph of the Amended Complaint renders it impossible to interpret which statute (or statutes) and which facts pertain to which claims and how the defendants are to determine which party is subject to which statute or statues. This confusing paragraph alone renders the Amended Complaint unintelligible.

21. The "RELIEF and DAMAGES" portion of the Amended Complaint is similarly confusing as what relief is requested and from whom. The generic term "Defendants" is used in the first paragraph of this portion of the Amended Complaint and then in the second paragraph of the Amended Complaint, "FREEDOM MORTGAGE COMPANY and its AGENTS VICTORY MORTGAGE BANKERS/BROKERS any all other AGENTS" are identified. As framed by the Amended Complaint, the parties against whom relief is sought is inconsistent and confusing.

22. The form, structure and intended defendant (or defendants) the Amended Complaint seeks relief against is confusing, incomplete and unintelligible. The Amended

Complaint must therefore be dismissed under FRCP 8.

## C. The Amended Complaint is Wholly Insufficient under FRCP 9(b)

23. Under FRCP 9(b)'s specificity in pleading requirements, plaintiffs must plead the who, what, when, where and how' of the alleged fraud. *Uni-Quality, Inc. v. Infotronx, Inc.*, 974 F.2d at 923. The Amended Complaint falls woefully short of the specificity in pleading standard under FRCP 9.

24. The Amended Complaint is missing critical allegations of the 'who, what, when, where and how' of the alleged fraud throughout. For example:

- Count I, ¶ 1 discusses communications between the parties but fails to indentify the parties with whom Plaintiffs spoke in connection with their mortgage application and loan.

- Count I, ¶ 1 alleges Plaintiffs informed someone about his income. The who, when, where and how of this communication is entirely missing. Only the "what" is alleged in this paragraph. Count I, ¶ 1 further alleges Plaintiffs informing someone about the value of the property, but the who, when, where and the how of this communication is also missing. Only the "what" is alleged here. Count I, ¶ 2 alleges "Defendants (Agent) a title appraisal agent contacted Plaintiffs." However whether, and how this person might be related to Freedom, or anyone else, is not alleged in the Amended Complaint.

- Count II, ¶ 1 alleges Plaintiffs "became aware that their income and assets applications were misrepresented." It is not alleged who made these misrepresentations. Typically, loan applications are made by borrowers, not lenders. The Amended Complaint is unclear as to how their income and asset[s]

- applications were misrepresented and who made the misrepresentations. Moreover, the nature and type of the alleged misrepresentations are not alleged at all. The who, what and how of this Count is entirely missing.

- Count III, ¶¶ 1 and 2 allege that FREEDOM MORTGAGE and their AGENTS, plus FREEDOM MORTGAGE and AGENT VICTORY MORTGAGE BANKERS/BROKERS made omissions (referencing appraisals) but the reason or reasons why the alleged omissions give rise to a claim or whether Freedom was obligated supply the allegedly omitted information is not plead. Plaintiffs say only that they "informed" some unidentified person or party that documents were "misrepresented." There are no allegations as to when this information was conveyed. What the misrepresentations were and how they were conveyed or to whom, specifically they were conveyed is wholly missing from the Amended Complaint.

- Count III, ¶¶ 3 and 4 describe alleged financial difficulties Plaintiffs faced and that an assurance was made that loan modification "would reduce our mortgage amount." Again, the who and the when are missing from these allegations and most critically, how these alleged statements were fraudulent is absent from these paragraphs rendering Count III insufficient.

- Count IV, ¶ 1 describes a June 2010 loan modification. An explanation as to how this alleged fact relates to fraud is entirely absent from this paragraph and Count IV.

- Count IV, ¶ 2 describes a loan modification. How this alleged fact leads to a fraud is absent.

8

25. Count IV, ¶ 3 simply states the Plaintiff's belief that that FREEDOM MORTGAGE and AGENT VICTORY MORTGAGE BANKERS/BROKERS would "do the right thing", alluding to the previous misrepresentations and a downturn in the real estate market that made the Plaintiffs unable to afford their mortgage. There are no allegations or facts plead which assert what Freedom ought to have done and whether such an alleged obligation was a duty or obligation Freedom owed to Plaintiffs. This paragraph is unintelligible and states no claim whatsoever.

## IV. CONCLUSION

For all of the foregoing reasons, the Amended Complaint is woefully inadequate and fails to state any intelligible claims under FRCP 8 and 9.

WHEREFORE, Freedom Mortgage Corporation respectfully requests that the Court dismiss all counts and causes of action of Plaintiffs' Amended Complaint, with prejudice, and for all other relief that this Court deems just and proper.

DATED this 23rd day of September, 2013.

        Respectfully submitted,

        FREEDOM MORTGATE CORPORATION

By:   /s/ Dennis A. Dressler

        Dennis A. Dressler (IL 6271183)
        David A. Wargula (IL 6230483)
        DRESSLER | PETERS, LLC
        111 W. Washington Street, Suite 1900
        Chicago, Illinois 60602
        Phone: (312) 602-7360
        Fax : (312) 637-9378
        email: ddressler@dresslerpeters.com
        email: dwargula@dresslerpeters.com

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, states that she caused a correct copy of **Freedom Mortgage Corporation's Memorandum of Law In Support of Motion to Dismiss All Counts of Plaintiffs' Complaint at Law,** to be served upon defendant(s)/counsel at the addresses and via the methods set forth below:

**Via Electronic Notification**

Antonne Cox     Antonnecox@yahoo.com

Nickolas Anthony Schad     nschad@atty-pierce.com, tgriffin@atty-pierce.com

**Via Federal Express overnight delivery, with charges prepaid**
Antonne Cox
1244 South Homan Avenue
Chicago, IL 60623

Pearletha Barlow-Cox
1244 South Homan Avenue
Chicago, IL 60623

on this 23rd day of September, 2013.


                              By:    /s/ Rachel McCandless
                                     Rachel McCandless

                                     Paralegal
                                     Dressler | Peters, LLC